IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMIKA SHINTEL ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-617 (MN) |
| | ) |
| MERIDIAN BANK, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Tamika Shintel Anderson, Wilmington, Delaware – *Pro Se* Plaintiff

May 12, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 23, 2024, Plaintiff Tamika Shintel Anderson, of Wilmington, Delaware, initiated this civil action *pro se* by filing a form Complaint (*Pro Se*), alleging breach of contract by Defendant Meridian Bank. (D.I. 2). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Apart from bracketed text, the allegations below are as they appear in the Complaint.

> On July 31, 2020[, Plaintiff] signed a mortgage [p]ackage consisting of a promissory note and security [i]nstrument[,] herein called a mortgage[,] with [Defendant. Defendant] sold the package to PennyMac [in] April [of] 2021[.] PennyMac [is the] servicer of the aforementioned mortgage that [Plaintiff] is named as the mortgagor and [also] as the borrower [for,] that MERS is named as the mortgagee [for, and] that stipulate[s that] the [b]orrower is lawfully seized of [*sic*] the estate[. This] mean[s] the property commonly known as 103 S. Harrison St[.] is unencumbered except for encumbrances of record (Agent Case number 071-1976594-703[), and] prior to [Plaintiff] signing said mortgage[,] there were only two extant encumbrances of record on the property[,] 103 S. Harrison St[.] [Defendant] was discharged and recorded as such on July 31, 2020[,] with Angel M. Rivera[,] instrument number 20021107-0107944[.] There was no signature with [Defendant] or MERS[, and] there is no int[e]rest or [r]ight with PennyMac. The power was [Plaintiff's] signature[. Defendant] implied that it was the source of the funding for the transaction associated with this mortgage package. [Defendant] failed to inform [Plaintiff] that the transactions [were] coming from the power of [Plaintiff's] signature[,] not [Defendant].

(D.I. 2 at 5). These are the only allegations in the Complaint. The Complaint alleges no injuries and seeks no relief. (*See id.* at 7).

1

**II.     SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to her, the Complaint must be dismissed as frivolous, pursuant to 28 § 1915(e)(2)(B)(i), because it relies on indisputably meritless legal theories. *See Dooley*, 957 F.3d. at 374. The Complaint is also deficient pursuant to Federal Rule of Civil Procedure 8, as it does not state a claim for relief, but amendment is futile because the legal basis of the pleading is without merit.

### IV.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.